

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 4, 1947

Hon. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin 26, Texas

Opinion No. V-114

Re: Authority of the Highway
Department to pay medical
aid and compensation to a
Texas State Guard Officer,
where no record of a med-
ical examination is found
in the files of the Adju-
tant General.

Dear Sir:

Your request is based upon the following facts and related questions:

"We have a report of injury to a Texas State Guard Officer, reported to have occurred on November 26, 1946.

"Although the man claims to have been examined after S. B. 135, 48th Legislature became effective, no record of same can be found in the files of the Adjutant General. According to Attorney General Opinion No. 0-5355, dated July 1, 1943, we have no authority to cover the injured.

"In the case of this particular guardsman it so happens that he did take an examination for commission in the Texas National Guard in August, 1946, and the record is on file with the Adjutant General.

"Do we have authority to pay medical aid and compensation to this injured man? Can we give any recognition to this examination which was given for another organization?"

The answer to your first question is controlled by the provisions of Article 5891b of Vernon's Civil Statutes, which provides for compensation benefits for members of the Texas State Defense Guard and for the administration of the act by the State Highway Department.

From Section 2 of said Article, we quote:

"'Member' shall mean every person in the Texas
Defense Guard. Provided that no person shall be
classified as a 'member' under this Act nor be eli-
gible to any compensation benefits under the terms
and provisions of this Act until he shall have sub-
mitted himself first to a physical examination by
a regularly licensed physician or surgeon, designated
or accepted by the Texas Defense Guard to make such
an examination, and until as a result of such exam-
ination, all physical defects existant at the time
of the examination have been noted and recorded. Af-
ter his separation, either by discharge, resignation,
or otherwise from the Texas Defense Guard, no person
shall be classified as a member under this Act or be
entitled to any compensation benefits thereunder."

The injured officer claims to have submitted
to the required examination, but no such record is on
file with the Adjutant General. This gives rise to a
strong presumption against the officer's claim, but it
does not bar recovery, if, in fact, the officer did sub-
mit to the required examination. Before authorizing
the officer's claim, the officer should furnish you with
adequate proof of the required physical examination to-
gether with the results thereof noted and recorded at
the time of the examination. Failing in this, the claim
should be denied, because the officer has not qualified
as a "member" as that term is defined in the quoted stat-
ute.

The fact that the claimant took an examination
for a commission in the Texas National Guard in August,
1946, can be given no weight. There is no provision in
the entire Act which expressly or impliedly permits an
examination for a commission in the Texas National Guard
to be a substitute for, or in lieu of, the examination
specifically provided for in Section 2, subsection 2, su-
pra. The Texas Defense Guard is entirely different and
separate from the Texas National Guard. This is specif-
ically provided for in Article 5891a, Sec. 1(b), as fol-
lows:

"Such forces shall be a part of the active
militia and a component of the military forces
of Texas and shall be additional to and distinct
from the National Guard and shall be known as
the Texas State Guard: * * *"

From the foregoing, it follows that the Texas State Guard Officer is not eligible for medical aid and compensation under the Texas State Guard Compensation Act, unless adequate proof of the required physical examination is made by the injured officer to the Highway Department.

## SUMMARY

1. An injured State Guard Officer, who has no record of a physical examination on file with the Adjutant General, is not entitled to medical aid and compensation under Article 5891b V. C. S. unless such officer furnishes adequate proof of the required physical examination, together with the results thereof noted and recorded at the time of the examination.

2. A physical examination for a commission in the Texas National Guard, recorded in the files of the Adjutant General, does not qualify an injured Texas State Guard Officer as a "member" entitled to medical aid and compensation under Article 5891b, V. C. S.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Charles E. Crenshaw
Assistant

APPROVED APR. 4, 1947

ATTORNEY GENERAL

CEC:rt:jrb